Board of Education of Joliet Township High School District 204, et al. Appellants by Mario Carlisari v. Will County Regional Board of School Trustees, et al. Appellees by James Bartlett. Good morning. My name is Mario Carlisari for the Plaintiff Board of Education of Joliet Township High School 204. Counsel, Your Honors, may it please the Court. The central issue to the certified question that before you is whether a claim for Equal Educational Opportunity Act, under that Act, is an independent action that is separate and apart from an action for administrative review and whether an EOA claim, so to speak, falls under the original jurisdiction of the Circuit Court. We would assert to you that that answer should be in the affirmative and that the plaintiff should be allowed to conduct discovery, present evidence, develop a factual record, and allow the Circuit Court, under its original jurisdiction, to fully adjudicate that claim. The issue of an EOA claim and a code of the Illinois school code originally was addressed by the Illinois Supreme Court in 2008 in a case before these same two districts, in fact, Joliet 204 and Lincoln Way Community District 210. In that case, the Supreme Court addressed two main issues that they set out at the beginning of their opinion. The first issue was whether under Section 7.2B of the school code, if under that section, they were required, despite the restrictions of that section of what they could look at and consider, if they were required still to consider the EOA claim. The second main issue the court was addressed with was if the court could not consider the EOA claim under Section 7.2B of the Illinois school code, did that fall under the Circuit Court's original jurisdiction to consider that as a separate claim? Very similar issue, but just by way of some procedural facts that are relevant here. This case, obviously, the petition that was filed for detachment before the regional board was filed under 7.1 of the school code. That case involved 7.2B of the school code. However, in its ruling, in the authorities that were addressed, in the language of its opinion, the Supreme Court opinion and ruling applies to 7.1 as well in terms of considering an EOA claim as a separate and independent claim that falls under the original jurisdiction of the Circuit Court. In that opinion, the court considered several other decisions in making its ruling. First and foremost, it looked at the case of the Board of Education Gomez versus the Illinois State Board of Education. In that case, it involved students that the allegations of the claim were they were denied English proficiency testing and instruction for English proficiency. The reason why it is important that the Illinois Supreme Court looked at that case is because the Illinois Supreme Court specifically said in that case one of the issues that arose was where does the relief come from from discriminatory actions under the EOA? The Illinois Supreme Court looked at that case and said, well, that's true, but it derives from the courts themselves. That power, that relief to enforce the EOA derives under the original jurisdiction of the courts. The beginning of the Illinois Supreme Court's decision points to Gomez right off the bat as that is the source of the power for the courts to consider that. Second, the court went further then in the 2008 Illinois Supreme Court case and it said that the issue number two that it was addressing as to whether or not the Circuit Courts had original jurisdiction to consider this claim. In that case, because 7.2b was involved, the problem that developed with the court is they said because of the limitations of section 7.2.b, they cannot look at that issue. Then it goes to the Circuit Courts in an administrative review claim. In an administrative review claim, the Circuit Court would also be prevented from looking at anything outside of the scope of administrative review. They said how is the EOA then enforced? The court directly said that this is only a problem if administrative review is the exclusive means of challenging the board's decision. It goes on to say it's not the exclusive means of challenging the board's decision. It not only falls under the original jurisdiction of the Circuit Court, but it also, in fact, is the obligation of the Circuit Court to investigate that claim. It goes on to use very specific language. It says that it is a justiciable matter under the Illinois Constitution that the Circuit Court considered that claim and that, in fact, it is an independent action that may be brought. This is important in terms of our case for procedural history because when we filed the claim for administrative review, that was brought as a count one. As a count two, it was a separate and distinct claim for violations under the EOA. There are two separate counts. Now, counsel, there's this argument that because the Illinois Supreme Court's case involved Section 7.2.B, that that simply means that it was allowed to be brought before the Circuit Court in that case because there's very specific requirements under 7.2.B for detachment because in that situation, you have to satisfy a series of factors, including equalized value and obtaining two-thirds of the voters. Then, more importantly, the remaining boundaries are the same under 7.2.B. Then, the statute goes on to say that with those factors satisfied, it shall be granted. Detachment shall be granted and that the board can't look at any other issue. So the argument is that because that statute was involved, that's the only reason why the Circuit Court had original jurisdiction to look at that as a separate claim. I would assert to you that that is not the case based on language of the Illinois Supreme Court. That is an extreme narrowing of their opinion. The court goes on to point to Board of Education for Rich Township versus Brown. And they did that to specifically point out that was a case where there was some constitutional issues that went along with a detachment decision. And the reason they pointed to that is because they specifically say in the Rich Township case that those constitutional issues that presented to the court in that case were not reliant on the administrative review record alone. The court uses specific language that says these issues on their face, addressing them is not subject only to administrative review. So the court goes on to say that. And the court in the Illinois Supreme Court case in 2008 directly says that this is not the only exclusive means to addressing this. They go on to say that the Circuit Court can conduct proceedings and develop a record in order to consider that EUA claim as a separate claim. And in our case, the important thing to point out would be that using that logic and the ruling of the Illinois Supreme Court, we would not have had to bring an administrative review claim. We could have not pled that count and we could have simply brought a count for under the EUA. And if we had done that, I think there would be this argument of the fact that simply because it's also pled alongside an administrative review count, you cannot conduct discovery and develop a record and present the court with other evidence. We wouldn't have had an administrative review count in that hypothetical. We would have just had an EUA claim and the court would have allowed discovery. And it's important, too, to note that the discovery would have also been subject to all the normal discovery rules. The court could have used its discretion to limit the scope of that, the amount of discovery that was required. All the traditional rules of discovery would apply there. So the notion that simply because in the Illinois Supreme Court's case 7.2b was involved, that we cannot conduct discovery under our EUA claim, simply is contrary to what I believe the Illinois Supreme Court was pointing out in this case. Moving to my other point. So you filed a separate EUA claim? Yes, it was count two. No, no, you did. You did counts, didn't you? Did you file separate action? Separate cases, no. Yeah, that's what I'm talking about. Part of the same case. But two separate counts. So what's before the circuit court at this point? A review of the administrative action. Is that correct? Yes. Traditionally, is the circuit court limited to that review? Absolutely. There's no dispute that under the administrative review claim, they're limited to only considering what was presented to the board. So the record presented before the board that the board ultimately made a decision upon. Absolutely correct, Judge. Yes. Our point is that by bringing a separate count, separate theory, separate claim for equal under the EEOA. How does that differ from the fourth factor that the board is supposed to consider in these actions, petitions? Merely because the board has to, one of the factors that they consider is racial impact or composition. Merely because that's a factor before them does not divest the power of any EEOA. What would you do in an EEOA claim that you would have done differently to address that fourth factor? Before the board? Yes. Because that's what's before this circuit court and on review here. I mean, now we got it sort of by question, I understand, but in the big picture. Sure. Sure. In the big picture, Judge, I think the critical key difference is this. The board is being presented with evidence about the detachment annexation and they're considering that. Then the board makes a decision. The EEOA claim allows you to say, hold on, the whole point of the EEOA statute is that we look at whether the state agencies themselves are acting in this capacity. So one is just a presentation to the board, and this is the same problem they had in the Supreme Court case. You're presenting the evidence to the board, you're making a decision, and then you're only subject to administrative review. The whole point of the EEOA is so that you could look at the board's action and say, was the board's decision, was the board's action, actually violative of the EEOA? And that ties into my second point. If you look at the plain language on it. Would you want to do that in a separate filed action? I believe you could do it in a separate filed action, but I don't think there's anything to prevent you from bringing it as a count to in the same action. There's separate counts. It would be no different in any other civil case than if you pled a different theory in a different count. But yes, you're right, you could file it in a separate action. But if you look at the plain language of the EEOA, there is no provision of the EEOA that makes it subject to the administrative review law. There's no provision of the EEOA that makes it subject to the Illinois School Code. The provisions in the plain language. That's why you would file a separate action, isn't it? I believe you could go that route. I believe you're correct. It's plain, isn't it? Actually, what you're doing is we're reviewing the decision on a petition, not by you, but by opposing parties, right? By the board's decision on the petition. I know, but the whole action was originated by whom? The action was originated by the petitioners who filed their petition before the board. And we originated it. Who are the athletes? So we're the ones that filed that case. You filed a review of an administrative decision. Yes, we filed a review of the administrative decision, and then as a count to... Which was precipitated by the athletes. By their original conduct in getting the petition filed and having the board pass it, yes. So it is brought in the same case, but I think it is also important that it's brought in the same case because what we're alleging in that claim, if you look at the plain language of the EEOA, the way that the language of the statute is written, the critical thing that is prohibited is that if an agency, a state agency or school agency, basically transfers a student, and this is Section 1703C and E, says if there is an assignment or if there is a transfer of a student, and that ends up in there being either under C, a greater degree of segregation, or under D, that it increases segregation, then it is prohibited by the EEOA. So the board could hear the evidence, and they could make their decision. What is this fourth factor, other than the EEOA, that's supposed to be considered by the board, in determining whether this is a proper detachment? There are a number of different factors under 7.6 of the school code that the board is to consider in considering detachment. I would just assert to the court that the only question that's before the court with the certified question is whether discovery is proper under the EEOA claim and permitted under the EEOA claim. All those factors that they're to consider in the detachment, those are all essentially things going towards the merits of whether or not they should have allowed this detachment to happen. The only question that is a critical issue before the court today is whether the EEOA is an independent action under the circuit court's original jurisdiction so that we can conduct discovery as needed in that, that we wouldn't have been able to do before the board as a separate action. And the language of the EEOA, it's not time restrictive. It says that if the assignment or if the transfer, if it results in, that's the operative language, on its face, that means that when this assignment happens, when this transfer happens, at that time, if it results in, at that time, there being a greater degree of segregation or increased segregation, then it's potentially a violation of the EEOA. The whole big picture, this whole action right now, it's not determined only by the board as to whether that action is going to actually happen. Am I correct? What's before the circuit court, absent the certified question, is whether or not the board decision on administrative review can be enforced or not, or whether it's a proper or improper decision. That is correct, Judge. We don't know that yet, do we? We don't know that yet, no. At this stage, it's just the certified question. Absent the certified question, procedurally, it's still, the circuit court has not considered that administrative review count, whether or not that was a proper detachment, and it has not considered the EEOA count. So there's nothing really to prevent you from going after whatever decision, let's say the decision is unfavorable to Joliet, that the board decision is upheld. There's nothing to preclude you from bringing an EEOA action, is there? There wouldn't be, only to the extent that the EEOA would also be ruled on at the same time by the same judge because we brought them in the same case. So because they're at the same time, presumably the judge will be ruling on both counts. So to the extent he rules on the EEOA count, then we would be bound by his ruling, obviously, and have to pursue anything regarding that ruling with that separate count. But because they're filed together, yes, there'd be nothing. But the crucial inquiry is that we, if the certified question is answered in the negative, then we go back to the circuit court and we cannot conduct discovery, we cannot raise evidence, we cannot create a factual record. It essentially prevents us, merely because it's coupled with the school code section for administrative review, prevents us from developing the kind of factual record we need to have the circuit court under its original jurisdiction to fully adjudicate that claim. And then we will be essentially only bound by only allowed to present what is in the administrative review record. And that poses a real problem, and I think it is a slippery slope, because if we're alleging that the board itself in making its decision and in pursuing and allowing the detachment to happen, if that's violative of the EEOA, then we're only, we can't present any of that evidence to the court in separate discovery. We'll be prevented from doing that. It's essentially like saying the EEOA claims can only be brought if they are not, don't run contrary to the administrative review law or the Illinois school code, and that cannot possibly be the case. The Gomez Court touched on that. They said that the 11th Amendment and the extent that any of these are abrogated by the 11th Amendment, the federal statute should be applied separately, and that falls under the courts to do that. Then you basically handicapped yourself by filing them together. No way, right? Well, I would disagree a little bit. If you had filed separate actions, there wouldn't even be a discovery problem. Well, I would disagree just a little bit with that, Judge, only because of the fact that I think it's somewhat a strategic decision. If you file it as a separate case, yes, it will be a separate case. You may have the ability to do something differently with it as a separate case, but you are having essentially, you know, the judge could rule one way on count one. He could say, you know, there was nothing essentially wrong with the way they decided, but then on the second count on the EEOA say, but this transfer in this assignment, because the language of the EEOA says whether it's voluntary or not. If this happens, it violates the EEOA. The judge could say, but under that section or that count, I cannot allow this to happen. It would be prohibited by the EEOA. So I think there's some advantage to doing it as well, is my point, because he's considering the same evidence. Before I lose my thought there, but that factor that you're arguing about racial composition before and after or English learners before and after and percentages are a factor that the board has to, in the original petition, consider in making their decision to allow it or not. So all those issues upon administrative review by a circuit court can be considered as to whether there was a sufficient basis to find that violates it on that factor. So I'm really at a loss here. And back to Justice Carter's case, yes, strategy has consequences. Because if you're saying, I couldn't bring after an administrative review if it's unfavorable to our position in the EEOA action and have all the panoply of discovery that you're entitled to. Just briefly respond. I'm not just asking why. I think your analysis is absolutely correct as far as the board should consider that evidence. They can consider it. All those things are there. But the problem is, is that if you limit it to that, then under the other count, the board's ultimate decision is essentially not something that was evidence presented to the board. It's the board's decision. That's the decision that is potentially a violation of the EEOA. The circuit court can look at the decision itself, the board's purpose and effect of making that decision. So whether it's brought in a separate case or whether it's brought in the same case, the point is, is the EEOA prohibits a state agency, an educational agency, from making a decision that will cause that. So it's not just the administrative review record, what racial composition evidence they consider. It's how they did it and their decision itself. And if we're alleging that that was improper, then it's still a violation of the EEOA, whether it's brought in the same case or part of a separate case. Sorry, Justice. I was just going to ask if there would be some racism issues that would come up in a separate action, a later action filed. I think that's a good point, and I think it's one of the real quickest concerns of bringing in a later action because a lot of the evidence, let's say there was a hypothetical situation where, before the board, there was no evidence at all presented of segregated effects, racial, there was nothing. I think you're still entitled to bring in an EEOA claim in a separate case. I think it would be a weak case because your evidence and the things that you're going to be putting before the court and the factual record you're going to be developing is going to be what happened there and what decision the board made. So it's going to be a weak case if nothing occurred. And I think, yes, if things did occur and then you brought it later, I think there would be res judicata issues with that as well because you have a court that already made a ruling. Yeah, because you filed a separate case. I think a case brought later in a separate case. Yeah, I understand, but in the first case, I thought you brought a second count under EEOA. We did bring a second count. So now, arguably, you're setting up for a res judicata barrier, aren't you? I think the court can consider both of the counts at the same time. I think that it happens frequently in this type of litigation where, and this is in the Rich Township case, there were constitutional issues brought under the Equal Protection Act and they were brought alongside claims over the detachment, over the issues with the Illinois School Code. They were brought in the same case. But your second count is sort of a maybe that you're arguing that the board might make an improper decision. They haven't made the decision yet, but you're saying they might make an improper decision. The board did make the decision, Judge. The board granted the detachment. But following that line of thought, I think it will look at that decision. It looks at the decision that the board made and it says, does this violate the EEOA? Just in conclusion, I would just say that the language of the EEOA itself is a federal statute. It directly says that this could be voluntary or involuntary. We are able to conduct discovery. That could be limited with the court's discretion to do that. Then we can essentially show evidence that this was voluntary or involuntary. If it had a segregative effect, then it's a separate violation under the EEOA and it falls under the original jurisdiction. And by the words of the Illinois Supreme Court, it's actually an obligation of them to look into EEOA violations. Thank you, Your Honor. Counsel? Thank you. Good morning. May it please the court, counsel. Jim Bartley on behalf of the petitioners here. The first thing that I want to say is that there is no case cited in the brief, no case cited anywhere that supports the position of the appellants in this case. In fact, the Board of Education of Joliet Township High School versus Board of Lincoln Way 204 directly supports the position that no, there is no discovery allowed in this case. I want to remind the court that your appellate court decision led up to the Supreme Court decision, too. And I believe that your appellate court decision also supports our position. Because it was reversed. It was reversed, yes. But the reason that it was reversed was this. It was a 7-2b petition. I want to start right there because in this case, this is not a 7-2b petition. It's a 7-1 petition. That means that when the petition is filed and the school district is notified and comes in as a party, as well as anybody else that wants to come in as a party, there is no limitation on the issues that can be presented or the evidence that can be presented to the administrative agency or the regional board. They then present all of the evidence that they wish to present. In this case, there were, I don't know, 40 or 50 hours of hearing. They presented expert testimony. All of the evidence is there. It was interesting. I'm just going to make this in passing. I want to get back to the point. I sat before the trial court after we came back from the appellate court on their first interlocutory appeal in this case. I made a motion to set the briefing schedule and have oral argument. The counsel comes in and says we want discovery on our EEO count. You don't have discovery in administrative review. All issues of law and fact are brought up only on the record. You had ample opportunity, every opportunity to present any issue and any evidence you wanted to. As a matter of fact, they pretty much did. And then I asked the trial judge, no, you can't do that. State's attorney argued the same thing. And the trial judge was sitting there and he was going back and forth. I said, and also, what discovery do they want? There's no discovery, no logical discovery to be had. First, if they're talking about the racial composition, you know, is there going to be a change to racial composition, all of that information is public record. Most of it's already in the record before the hearing board. And furthermore, anything that they didn't have is subject to a FOIA request from either one of the school districts or any place else. Now, am I correct or am I in error that the board, when presented with this petition, is obligated to consider the racial impact on both the detached as well as the annexing? Yes, they would be absolutely required to consider that. Not in the 7-2B, but in the 7-1. In our petition, yes. That was the problem with 7-2B. And this is exactly what 7-2B says. It says that if the territory to be detached from one district to another is less than 5% of the Equalized Assessed Valuation, less than 5% of the territory, and would make the boundaries of the elementary district and high school district coterminous, and the petition is signed by more than, I think it's two-thirds, of the voters, the petition must be granted. And the statute says the regional board shall have no authority or discretion to hear any evidence or consider any issues except those that may be necessary to determine whether the limitations of this section are met. And that's what caused the separate action for EEO, because under 7-2 they couldn't present to the board any evidence. Under 7-1, you absolutely can. That is very well pointed out in actually Justice Freeman's concurrent opinion on the 205 case, where he says that. I cite it in my brief, but it's made very clear there. There's also no question about it. As a matter of fact, I don't want to get into it because I don't think it's directly relevant. So, Justice Oakridge's question then, in summary, to answer his question, the answer is yes. The board receives evidence on the issues. This might be too simplistic. 2B outlines statutorily only the factors that have to be considered. And then on review, are they accurate facts? Right. To support the decision. Yes. When you went 7-1A, it's everything can come in. Everything, yes. Anything. And Freeman's dissent was 2B should be rewritten to allow those other consideration issues. Yes, correct. It should be rewritten like 7-1. It hasn't been. But regardless, this was not a 7-2B. That is correct. And I don't disagree with counsel's arguments at all if this was a 7-2B petition. That would be correct because if it's a 7-2B petition, no evidence could be presented to the administrative agency on any issue other than those three. Therefore, when the record goes to the circuit court on administrative review, there is nothing for the court to review with regard to the EEOA issue. And that's why what this court did was it said because the circuit court can't review anything, then 7-2B is unconstitutional. What the Supreme Court did is they went with you almost all the way, except at the end they said, wait a second, instead of making it unconstitutional, they could hear the EEOA claim separately under their original jurisdiction, which is what counsel is arguing. And that's all well and good on a 7-2B petition, but this is a 7-1 petition and it's got nothing to do with us. In other words, you've got to make your record if you're under 7-1 to include what could be a separate independent action or would be required under a 7-2B. Well, yes, it would be a separate action or it would be a separate action under a 7-2B, yes. Under 7-1 it's not. But what I'm saying is under 7-1A, to make it simplistic, those very same issues under, I did ask closing counsel, and I'm not sure, just read it, it's got to require it. But the issues under an EEOA can be presented and developed in the record before on a 7-1. Am I correct? Yes, to the point. As a matter of fact, I think they should be and have to be. Well, the board is supposed to consider it. Yes. In sua sponte, at least, is it not? Well, I think. It is in sua sponte. They're empowered to consider it presented to them. Yes, I think, sure. And I think that they wouldn't necessarily think to consider it unless one of the parties to the case raised the issue. I mean, you have to. If it was offered to them. Yes. And it was. But you would think in today's world that a board, even sua sponte, would say, well, but we ought to consider this. Yes, I think they would. From a public policy standpoint. Right. If, in fact, they already knew what the racial composition of the territory was in the districts, then it would occur to them in an area that is, say, all white, there isn't any others, I suppose they wouldn't think of it, but they probably would in an area where there's differential in there. But the key thing here is to go along with what they're saying here. It's directly contrary to the administrative review law. Indirectly, it turns it on its face. I mean, we go through hours and hours of hearing where you can present any evidence you want, all the evidence you can, and the regional board is supposed to make a decision. Okay, they do. We go to an administrative review, and they say, hold on, we want more discovery? About what? First of all, they don't have the right to do that, and it's a forfeiture. I think that's made clear. Whatever they don't have in the record that they thought they need, that's really a forfeiture issue. Aren't the, within the various school districts across the state, aren't the demographics on public record? Yes. And there are limited evidence in this case. You know, that's all documented, isn't it? Yes. And it would all be subject to FOIA, too, in the event that somebody doesn't think that, you know, at the time of the hearing before the regional board, there's no limitation on the evidence, and nothing is, you know, everybody's free to do it. They brought on educational experts to testify. We brought on educational experts. There was all kinds of information in the record, anything that you wanted. And they did raise the issue about lower economic income students, and the report cards are all there that show the numbers, all the percentages. Income levels of the demographics. The income levels are there in, not like the census report, but they give a percentage of low income students. And there is a definition for that in the statute. I have proofs under the EOA. Excuse me? I have proofs under the EOA different than the proofs under the administrative action. Well, I don't think they would. Well, I mean, yes, in a sense, there would be more proofs under the administrative action than there would be under just an EOA issue. We have to prove more. I mean on those issues. Yeah. I'm sorry? On those issues. Yes. Of race and all that. Yeah, those issues would be. We have to put in evidence, and as the petitioners, we had to put into evidence as to why it would be in the best interest of the students from the territory, so on and so forth. I'm not talking about that. Yeah, okay. I'm just talking about the EOA type action, or that part of the administrative action. Mm-hmm. Aren't there different proofs under the EOA action? I don't think so. I think I don't know how to prove that it increases or decreases the segregation, other than saying, well, the student population of Joliet Township is about 5,000 students. Lincoln Way is about 5,000 students. In Joliet, there's 60 or 70 percent African American and 30 percent white. In Lincoln Way, there's, and they have it by school, too. All these numbers are broke out. They're there. I mean, what else would you ask? Would you, like, I was wondering, discovering, are they going to ask a petitioner, hey, did you want to move because of racism? I mean, you know, the numbers are simply there. Now, you have to ask this. I ask myself this. I mean, is it, would it be true that let's say that all factors favor making the change in the best interest of the students. That would be curriculum, closeness to the school, determinist boundaries with the elementary, whole child concept, the whole thing. Now, but, there's one student who's white there, and he moves into a district from Joliet. So, theoretically, I guess, one student moving out changes the racial composition. Believe me, I've been in the school of law business for 45 years now. I absolutely know that the EOA was not designed for that purpose, or the idea of one student here or there. The mobility in and out of the high school districts, both of them here in this case, is greater than the number of students from this territory. By mobility, we mean kids transferring in and out. The origination of this clause, or these things, were meant to stop white flight and to stop the gerrymandering of school district boundaries in order to recreate a segregated system. That's, of course, not what's happening here. But, regardless of that, what I'm saying is, this is a 7-1 petition. Under a 7-1 petition, there is no limitation on the evidence to be presented or the issues to be presented to the board. That's where it's presented. Then, it goes on administrative review under the rules for administrative review, and the circuit court rules on it. And it is true, the circuit court has jurisdiction. If it sees from the record and thinks there's an EEO violation, to reverse the decision and deny the petition. So, it will go to administrative review. Then, by the way, I have no doubt that if the trial court does rule in our favor and sustain it, the JTHS will be right back here. If I've been here once, this is the second time, I'm sure they'll come again. And then, this court would be looking at the record to determine whether there was an EEO violation. What I believe is wrong is that there is no discovery permitted. But, there doesn't have to be filed a second count under EEOA in that 7-1 petition. No. Okay. Thank you, Don. I've said enough. I'll get too excited. Thank you very much. Counsel? Your Honor, just a couple of brief points in rebuttal. Justice Holdridge, first, you are absolutely 100% correct in your analysis as to the 7.1, 7.2. Under 7.1, they should have considered that factor. They could have heard all the evidence. In this case, they did hear a lot of evidence. I know from partaking in it, all of that is absolutely true. But, I'd urge the court to look specifically at the certified question before the court. It has nothing to do with what the board considered. The certified question is, is the EEOA action an independent action? And, the Supreme Court answered that in 2008. I'm glad that the Supreme Court was faced with 7.2b at that time because it forced them to answer that question of whether it is an independent action. Page 203, they directly say, the problem only exists if administrative review is the exclusive means of challenging the board's decision. It's not the exclusive means of challenging the board's decision. It is subject to the EEOA and whether it violates that, regardless of what evidence the board heard on that. And, there's a lot of terms thrown around about racial composition. The EEOA provisions are very specific. There's a large body of case law on the EEOA and it's not just racial composition. It's a question of whether it adds a greater degree of segregation or if it increases segregation and it goes to the purpose and intent of the decision. That is not merely pulling some foyable information off a website. That is not merely interviewing somebody at the board level. It asks the board's overall decision in making that and through discovery in those cases, we cite the case of McFadden in our brief just to show the court that discovery routinely occurs in these EEOA cases. Okay. Just a question. Maybe this is far afield. The EEO, which you're saying it goes beyond impact but to intent? Yes, absolutely. It's in the language of the statute. Okay. The language of the statute says purpose and intent, whether voluntary or not. So, say the board considered lots of information about diversity, racial composition. That goes to impact. Right. And, if it was a voluntary intent, we're going to consider all that but we're still going to grant the attachment. That could be a violation of the EEOA. That's what you would discover in discovery that would go to intent. Sure, absolutely, Judge. We would keep our discovery limited to the language of the statute. The critical inquiry is over segregation. So, we wouldn't just pull numbers off of a website. We would look in the present, if this assignment or this transfer is authorized, what does it do to further or, not at all, impact the segregation of the schools? That can be done through other things other than just numbers. That's why I want to get back. Correct. Now we're going after, because everything else can be done from documentation on impact. That's correct, Judge. I would look, to answer that question, I'd look to the language of the Illinois Supreme Court. The language of the Illinois Supreme Court in its decision said, after they made this determination, they said, the circuit court, under its original jurisdiction, may conduct proceedings and hear evidence and develop a factual record. I do not believe that foreclosure is under an EEOA account from them hearing testimony from a person. For example, Judge, I'll give you a hypothetical. If there's a person out there that is willing to provide testimony that the board's purpose or intent was to increase segregation, how would that not be relevant to an EEOA claim? That would be very relevant for the circuit court to consider. Should that evidence be left out? If there is evidence that several of the petitioners, their motive or their intent in pursuing it, and had some interactions with somebody on the board, and that was to increase segregation, given how this will affect the overall student body, is that not relevant information or testimony that should be presented to the circuit court in analyzing the EEOA claim? I'd submit to you that that's absolutely relevant. What is that kind of evidence? What is the kind of evidence upon intent? Upon intent of increasing the segregation? What kind of evidence? I would say that it would be evidence, Judge, of the board being presented with evidence that, yes, this is going to increase segregation in the school. This is not good from the viewpoint of violating the EEOA. And the board, basically, in its transcript proceeding, saying, well, that may be, but we're going to go ahead and grant it anyway. I mean, I'm just paraphrasing for you the answer, but there's specific dialogue. What kind of specific evidence is that that they would present? I think that's testimonial evidence, and it's documentary evidence, too. It's documentary evidence, or if I present you and you're on a board. Give us an example of that. I think it is not only in the numbers that we've talked about today and how it will affect, but it's also in the testimony of people. I think we should be able to bring in, on a limited basis, that the circuit court can control within its discretion. If we have testimony from somebody to that extent, I think we should be able to preside that. What's an example of a kind of evidence? A deposition, for example. Well, that's the vehicle. What you're looking for is a smoking gun for somebody to say, I wrote a letter to a board member saying I don't want my children attending for blah, blah, blah, and you're hoping that one of the blah, blah, blahs is something that's prohibited. I think that a letter like that would be relevant evidence on an EEOA claim. I think that's just one example of several different kinds that could exist. But the overall point of the certified question is the big problem here, Judge, is just that if you tie the ability to do discovery on an EEOA claim to the school code or to the administrative code, then you're taking that federal statute and you're saying every time that there is an administrative review count, in the same case as an EEOA count or an equal protection count, every time that happens, then the court can't consider any fresh new discovery or evidence involving that other count. They have to just consider what that agency did. And if you're going to do that, then how do you enforce the EEOA or equal protection statutes when the agency itself made the wrong decision? How do you do that? I'd like to thank you for your time. That's all I have. Thank you. Thank you. The court will take this matter under advisement and take a recess for panel.